**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LOUIS ORLANDO HARMON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-0149** |
| | ) | |
| **JEFF LONG,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM OPINION**</u>

This is a habeas corpus action brought under 28 U.S.C. § 2241 by Louis Orlando Harmon, a state prisoner who claims also to be a pretrial detainee. The matter is before the court for initial review. *See* 28 U.S.C. § 2243; Rules 1(b) & 4, Rules Gov'g § 2254 Proceedings.

**I.      Factual Background**

Based on the petitioner's mailing address as well as his other filings in this court, it appears that Mr. Harmon is in the custody of the Williamson County Jail, having been convicted of a crime by the Circuit Court for Williamson County, Tennessee in September 2014 and sentenced on November 4, 2014. *See Harmon v. Long*, Case No. 3:15-cv-0062 (M.D. Tenn. Jan. 20, 2015) (§ 2241 petition, docket entry no. 1).[1] In his current petition, Mr. Harmon alleges only that the criminal court for the 21st Judicial District, Tangipahoa Parish, Amite, Louisiana has failed to "move forward under the interstate compact act which would prevent prolonging & aim closer at resolving matters." (ECF No. 1, at 1.) He asserts that he filed a *pro se* motion on May 29, 2014 in the Louisiana state court for "discovery and inspection & motion for a speedy trial." (*Id.*) This motion was initially set for a hearing on July 16, 2014. The petitioner does not provide any other factual information regarding his attempts to exhaust his state court remedies or to support his claim in this court, but attached to the petition as exhibits are copies of letters to Mr. Harmon from the Tangipahoa Parish Clerk of Court indicating that the hearing on the petitioner's motions

---

[1] In that case, also a § 2241 action, the petitioner challenged execution of his Williamson County sentence. Specifically, he objected to serving his sentence in a county jail on the basis that he was being deprived of the benefits accorded to state inmates incarcerated in state prisons. That action was dismissed on February 19, 2015 for failure to exhaust state-court remedies.

did not take place on July 16 because he was not transported to the court for the hearing. Also attached, among other documents, are the petitioner's motion for speedy trial and motion for discovery and inspection, both filed in the Tangipahoa Parish proceedings, both of which include the petitioner's express notice "of this being a waiver of extradition" and a request "that detaining state of Louisiana exercise his rights under the Interstate Compact." (ECF No. 1-1, at 4, 5.)

Mr. Harmon does not identify the nature of the charges in Louisiana, how long they have been pending, whether counsel was appointed to represent him with respect to those charges, or any other details about the charges. He asks this court for relief in the form of an order requiring "the State of Louisiana to bring [him] to justice under the interstate compact at a fast & speedy manner." (*Id.* at 8.)

**II.    Discussion**

Mr. Harmon is presently in state custody based on a Tennessee criminal conviction, but his petition challenges untried charges in the State of Louisiana. Because this action is in that sense a "pretrial petition," § 2241 is the proper statutory basis. *See  Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Section 2241 provides, in relevant part, that "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Thus, § 2241 clearly incorporates an "in custody" requirement. The custody requirement is a jurisdictional one; if a petitioner is not "in custody" at the time the petition is filed, the court lacks jurisdiction to consider it. *Maleng v. Coo*k, 490 U.S. 488, 490–91 (1989). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

In addition, although § 2241, unlike § 2254, does not expressly mandate exhaustion of state remedies, the federal courts have universally held that § 2241 petitioners must still exhaust their state-court remedies before bringing their federal claims. *See Phillips v. Court of Common Pleas*, 668 F.3d 804, 811 n.4 (6th Cir. 2012) (noting that, in the § 2241 context, despite the absence of a statutory requirement, "decisional law has superimposed such [an exhaustion] requirement in order to accommodate principles of federalism"). *See also Braden v. 30th Judicial Cir. Court*, 410 U.S. 484, 490 (1973) ("The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of

federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." (internal quotation marks and citation omitted)). In the context of "pretrial petitions" bringing a speedy-trial claim under § 2241, "the exhaustion requirement . . . is satisfied when the petitioner has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." *Atkins*, 644 F.2d at 547.

Here, as discussed below, it appears that the petitioner is not in custody pursuant to the Louisiana charges he challenges, as a result of which the court lacks jurisdiction over his petition. Moreover, even if jurisdiction exists, the petition is subject to dismissal based on the failure to exhaust state-court remedies.

### A.    The "In Custody" Requirement

As set forth above, the "in custody" requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. at 490–91; *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402–03 (11th Cir. 1988). For a petitioner to be "in custody," the state must "exercise some control over the petitioner." *Stacey*, 854 F.2d at 403. The petitioner need not be physically confined to meet the "in custody" requirement, as long as the state action subjects the petitioner to restraints on liberty that are not generally shared by the public. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300–01 (1984). Specifically, the Supreme Court has recognized that a petitioner may be "in custody" if he is under the control of an indictment accompanied by a detainer, *Braden*, 410 U.S. at 488–89, if he is released on his own recognizance with an obligation to appear subsequently for trial, *Lydon*, 466 U.S. at 301, or if he is on parole, *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

In the instant case, it is clear that Mr. Harmon is in custody pursuant to a judgment issued by a Tennessee court, but he does not challenge that judgment. The question is whether he satisfies the requirement with respect to the Louisiana charges that he seeks to challenge. Mr. Harmon, unlike the petitioner in *Braden*, does not actually allege that a detainer has been lodged against him by Louisiana in Tennessee. If he did show that a detainer had been issued, there would be no question, at least for purposes of this initial review, that he satisfied the "in custody" requirement for purposes of challenging

that detainer.[2] *See Braden*, 410 U.S. at 489 n.4 ("Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is 'in custody' for purposes of 28 U.S.C. § 2241(c)(3)."); *id.* at 488 (noting that petitioner challenging interstate detainer is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3)).[3]

The plaintiff does allege the existence of pending charges and an actual case number in Louisiana. Several courts, however, have concluded that the absence of a detainer means that a petitioner does not satisfy the "in custody" requirement. *See, e.g.*, *Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (holding that a "dead-docketed" Georgia indictment, without a conviction or a detainer, meant that the petitioner was not in custody for purposes of his habeas corpus petition, where "[n]othing in the record evidences that the state is exercising ongoing control over Mr. Howard based on that indictment"); *Stacey*, 854 F.2d at 403 (holding that Florida petitioner was not "in custody" for purpose of bringing a habeas petition attacking an Alabama conviction unless Alabama had lodged a detainer); *Dodd v. U.S. Marshal*, 439 F.2d 774, 775 (2nd Cir. 1971) (holding that because the State of Washington had not issued a detainer on a prisoner who was on parole in Washington but who was in federal custody pursuant to a conviction in Vermont, the prisoner was not "in custody" of the Washington officers, and therefore the federal district court in Vermont was without jurisdiction to entertain the petition, noting that "[t]he presence of the detainer is crucial because it represents a present claim . . . of jurisdiction over . . . (the) person and the right to subject him to its orders and supervision in the future"); *Bancroft v. Massachusetts*, 525 F. Supp. 2d 237, 242 (D. Mass. 2007) ("Since Petitioner is apparently incarcerated pursuant to a judgment of a Virginia state court, he cannot be deemed 'in custody' as a result of any of

---

[2] A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent." *Norton v. Parke*, 892 F.2d 476, 477 n.1 (6th Cir. 1989) (quoting *Carchman v. Nash*, 473 U.S. 716, 719 (1985)).

[3] Several courts of appeals have held that a detainer merely requesting advance notice of a prisoner's release, without more, does not satisfy the "in custody" requirement of § 2241. *See, e.g.*, *Green v. Apker*, 153 F. App'x 77, 79 (3d Cir. 2005) ("According to most courts which have considered the custody question, a prisoner [is not 'n custody' for the purposes of a habeas review] simply because [another agency] has lodged a detainer against him with the prison where he is incarcerated"); *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) (same); *Garcia v. Taylor*, 40 F.3d 299, 303, 304 (9th Cir. 1994) (same); *Prieto v. Gluch*, 913 F.2d 1159, 1164 (6th Cir. 1990) (same).

the Massachusetts prosecutions he seeks to challenge. Moreover, as the Commonwealth points out, Petitioner cannot constructively be considered 'in custody' pursuant to a detainer because the Commonwealth has not lodged a detainer against him with Virginia authorities."). *See also Prall v. Atty. Gen. of R.I.*, C.A. No. 09-366 S, 2010 WL 737646, at *7 (D.R.I. March 1, 2010) (outstanding arrest warrant did not mean petitioner was "in custody").

The petitioner here provides essentially no information about the pending charges in Louisiana other than to assert that he filed one speedy-trial motion which has not yet been heard. He does not affirmatively allege that Louisiana authorities have lodged a detainer against him in Tennessee or that Louisiana is subjecting him to any restraints on his liberty that are not generally shared by the public. Accordingly, the court concludes that the petitioner has not alleged facts sufficient to establish that he is in custody pursuant to the Louisiana charges. The court therefore lacks jurisdiction over his § 2241 petition.

**B.      The Exhaustion Requirement**

Even if the petitioner had alleged that Louisiana had actually lodged a detainer against him, the petition is subject to dismissal for failure to exhaust, whether the petition is construed as stating a claim for violation of the Interstate Agreement on Detainers Act ("IAD"), or for violation of the petitioner's right to a speedy trial.

The court broadly construes the petition as attempting, first, to assert a violation of the IAD, based on the petitioner's references to the "interstate compact." (ECF No. 1, at 3, 8.) The IAD is a compact between the states, the District of Columbia, and the federal government, the purpose of which is "to establish 'cooperative procedures' to 'encourage the expeditious and orderly disposition' of charges outstanding in one jurisdiction against a prisoner who is 'already incarcerated' in another jurisdiction." *Jenkins v. United States*, 394 F.3d 407, 412–13 (6th Cir. 2005) (quoting 18 U.S.C. App. 2, § 2, art. I); *see also* Tenn. Code Ann. § 40-31-101 (Tennessee's enactment of the IAC). The IAD facilitates the transfer of prisoners "to the receiving State for trial prior to the termination of his sentence in the sending State," and "it seeks to minimize the consequent interruption of the prisoner's ongoing prison term." *Id.* at 413 (quoting *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001)). Louisiana, however, is one of two states that have not adopted the IAD. *Birdwell v. Skeen*, 983 F.2d 1332, 1335 n.4 (5th Cir. 1993); *Moore v. United*

*States*, C.A. No. C–11–117, 2011 WL 4067756, at *5 (S.D. Tex. Sept. 12, 2011) ("Louisiana is not a signatory to the IAD. . . ."). Because Louisiana is not a signatory to the IAD, the petitioner cannot bring a claim based upon Louisiana's failure to comply with the IAD.

The court also broadly construes the petition as asserting a violation of Mr. Harmon's right to a speedy trial. This claim is subject to the exhaustion requirement. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

In *Braden v. In Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), charges were pending in Kentucky against a petitioner who was incarcerated in Alabama. Although Kentucky lodged a detainer against him, the state refused to attempt to have him returned to Kentucky in the near future or to grant him a trial, as he had repeatedly requested. After attempting and failing to prompt the Kentucky state court to take action, the petitioner applied for federal habeas relief, requesting that Kentucky be ordered to secure his presence for trial within sixty days or dismiss the indictment. In addition to finding that the petitioner was in custody, based on the Kentucky detainer, the Court also concluded that, while the petitioner could assert a speedy-trial defense when he was actually brought to trial in Kentucky, he had exhausted his state remedies and could bring a federal habeas claim based on the violation of his right to a speedy trial:

> Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of [Kentucky's] affirmative constitutional obligation to bring him promptly to trial. He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the *present* denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial.

Id. at 489–90 (emphasis in original; internal citation omitted).

In that case, however, the petitioner alleged that he had made repeated demands to the "courts of Kentucky" for a speedy trial on the Kentucky indictment, that his right had been denied, that "further delay in trial would impair his ability to defend himself, and that the existence of the Kentucky indictment adversely affected his condition of confinement in Alabama by prejudicing his opportunity for parole." *Id.* at 487. In this case, the petitioner shows that he filed one motion for a speedy trial in Louisiana but that the motion has not yet been heard. The petitioner does not indicate whether he is represented by counsel with regard to the Louisiana charges, and he does not show that he has acted diligently to bring his

motion for a hearing in Louisiana. He also has not filed a motion to dismiss the charges against him in the Louisiana court based on speedy-trial grounds. Under these circumstances, the court concludes that the petitioner has not exhausted his state remedies. *Cf. Atkins*, 644 F.2d at 547 ("The exhaustion requirement, therefore, is satisfied when the petitioner has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him.").

For this reason, even if the court has jurisdiction over the matter, the § 2241 petition is subject to dismissal for failure to exhaust.

## IV.    Conclusion

For the reasons set forth herein, the petition filed in this case will be dismissed without prejudice for lack of jurisdiction, based on the petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2241, and for failure to exhaust state-court remedies.

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a Certificate of Appealability ("COA") when it enters a final order. Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a COA is issued under 28 U.S.C. § 2253. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the standard articulated in *Miller-El*, the Court finds that reasonable jurists would not disagree that the petition is subject to summary dismissal. The Court will therefore deny a COA.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge